IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 MAY 14  PM 4: 34

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
                    **Plaintiff,**

-vs-                                                    Case No.  A-15-CA-143-SS

ERNEST LYNDEN WATKINS, III; AND
KATHY WATKINS,
                    **Defendants.**

_____

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion to Dismiss [#4], Plaintiff's Response [#5], Plaintiff's First Amended Complaint [#6], Defendants' Supplemental Motion to Dismiss [#11], Defendants' Letter Brief [#15], Plaintiff's Letter Brief [#18], and Defendants' Reply Letter Brief [#19].  Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion.

## Background

Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) filed this lawsuit to obtain a declaratory judgment that it has no duty to indemnify Defendants Ernest Lynden Watkins III (Mr. Watkins) and Kathy Watkins (Mrs. Watkins) for a separate lawsuit brought in Texas state court (the Underlying Suit).  *See* Compl. [#1-2] Ex. B (Orig. Pet.).  In the Underlying Suit, police officer Doff Slade Fisher alleges Ernest Lynden Watkins IV (Watkins IV), the son of Mr. and Mrs. Watkins, negligently operated a vehicle causing bodily injury to Fisher.  *Id.*  According to the

petition, Officer Fisher was in pursuit of a car owned by Mr. and Mrs. Watkins that had evaded detention during a traffic stop. *Id.* at 1–2. Fisher alleges Watkins IV was driving the vehicle, and in the processing of pursuing Watkins IV, Fisher crashed his motorcycle and sustained injuries. *Id.*

State Farm issued a Texas personal automobile policy to Mr. and Mrs. Watkins with a coverage period of April 20, 2012, to October 20, 2012 (the Policy). *See* Compl. [#1-1] Ex. A (the Policy). According to State Farm, the express language and scope of coverage of the Policy have been implicated by the Underlying Suit. *See* Am. Compl. [#6] ¶ 1. Indeed, State Farm is currently providing a defense in the Underlying Suit, and it does not seek an adjudication of its duty to defend through its declaratory judgment action. Instead, State Farm only requests a declaration the Policy bars any claim for indemnification arising from the Underlying Suit. *Id.* ¶¶ 15–16. In other words, State Farm contends the Policy does not provide coverage for the events at issue.

For this position of "no coverage," State Farm represents that, while Fisher alleges Watkins IV was driving, he has subsequently testified he cannot identify the driver of the vehicle. *Id.* ¶ 3. Moreover, State Farm represents Watkins IV has testified that, while he was in the vehicle, he was not driving. *Id.* Rather, according to State Farm, Watkins IV has testified he was kidnapped from his nearby home, tied up, and held in the car against his will. *Id.* In addition, State Farm represents Fisher conceded in his deposition that his crash of the motorcycle did not directly involve the fleeing vehicle, and the accident was actually due to his operating error. *Id.* In sum, State Farm argues it has no duty to indemnify because the evidentiary record already establishes an unauthorized driver was behind the wheel, and the accident was not caused by the negligence of the insured.

Mr. and Mrs. Watkins have moved to dismiss State Farm's declaratory judgment action on two grounds. First, they argue the declaratory judgment is not yet ripe because the key factual

disputes, which State Farm prematurely declares as undisputed, are actually yet to be decided by a fact finder. *See* Mot. Dismiss [#4] at 2. Mr. and Mrs. Watkins urge the Court not to duplicate the state court proceedings and seek dismissal for lack of subject matter jurisdiction. Second, they argue for dismissal because State Farm has failed to join indispensable parties. Specifically, Mr. and Mrs. Watkins highlight the fact they are not the defendants in the Underlying Suit, and they are not the parties seeking coverage under the Policy. *Id.* at 3. Rather, Watkins IV, who is an independently covered person under the Policy, is the defendant in the Underlying Suit, and as a result, he should be the party sued by State Farm in its declaratory judgment. *Id.* Furthermore, Mr. and Mrs. Watkins contend Fisher, the person who would have a direct indemnity claim against State Farm if he prevails in the Underlying Suit, is the party most impacted by the declaratory judgment action and therefore should be joined as a party. *Id.*

State Farm filed a response along with an amended complaint. In its amended complaint, State Farm added Fisher as a defendant (who has yet to be served or make an appearance) but declined to add Watkins IV. *See* Resp. [#5] at 3. On April 17, 2015, the Court held a hearing on the motion to dismiss and asked the parties to submit letter briefs post-hearing, which they have done. The Court now addresses the merits of the motion.

## Analysis

### I.    The Proper Parties

Rule 12(b)(7) provides for dismissal when a plaintiff fails to join a party under Rule 19, which requires joinder of certain parties. *See* FED. R. CIV. P. 12(b)(7), 19(a). As Mr. and Mrs. Watkins highlight, they have not been sued in the Underlying Suit, and they have not made a claim under the Policy for indemnity coverage. Rather, Watkins IV is the defendant in the Underlying Suit,

and he, as a covered person under the Policy, is the only party demanding indemnity from State Farm. Yet, in its declaratory judgment regarding its duty to indemnify, State Farm has sued Mr. and Mrs. Watkins. Under these circumstances, Watkins IV is the proper defendant in this declaratory judgment action. Relatedly, Mr. and Mrs. Watkins are not proper defendants at this time although that could change depending on how the Underlying Suit unfolds. Therefore, the Court dismisses without prejudice State Farm's claims against Mr. and Mrs. Watkins.

## II.   Subject Matter Jurisdiction

Even if State Farm had named Watkins IV as a defendant, the indemnification question is not yet ripe as to Watkins IV, or Mr. and Mrs. Watkins for that matter.

### A.   Legal Standards

#### 1.   Federal Rule of Civil Procedure 12(b)(1)

Because federal courts have limited jurisdiction, a court must dismiss any case if it lacks subject-matter jurisdiction over the claims. FED. R. CIV. P. 12(b)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A party seeking to invoke federal jurisdiction bears the burden of demonstrating the exercise of that jurisdiction is proper. *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999). The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The federal declaratory judgment act grants the federal courts jurisdiction to grant declaratory relief only in "a case of actual controversy." 28 U.S.C. § 2201(a). When considering a declaratory judgment action, a district court must engage in a three-step inquiry: (1) whether it is justiciable; (2) whether, if the court has jurisdiction, it has the authority to grant declaratory relief; and (3)

whether the court should exercise its discretion to decide the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). With respect to the first prong, typically this becomes a question of whether an "actual controversy" exists between the parties. *Id.* The statutory phrase "case or controversy" refers to the types of "cases" or "controversies" that are justiciable under Article III of the U.S. Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 125–26 (2007). One of the "justiciability doctrines" is ripeness. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (citation omitted). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review. *Id.* (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586–87 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985)). When determining ripeness, the two primary considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs.*, 387 U.S. at 148–49.

### 2.      Duty to Indemnify

Whereas the duty to defend is based upon the allegations in the pleadings and the so-called eight-corners rule, the duty to indemnify "is triggered by the actual facts that establish liability in the underlying suit." *Guar. Nat'l Ins. Co. v. Azrock Indus. Inc.*, 211 F.3d 239, 243 (5th Cir. 2000). Under Texas law, "an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." *Colony Ins. Co. v. Peachtree Constr.*

*Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011) (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)).

In *Griffin*, the Texas Supreme Court recognized an exception to this general rule. The court held "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Griffin*, 955 S.W.2d at 84. In other words, "[i]n some circumstances, the pleadings can negate both the duty to defend and duty to indemnify." *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co.*, 334 S.W.3d 217, 220 (Tex. 2011) (citing *Griffin*, 955 S.W.2d at 84). The *Griffin* exception is "fact specific" and should not be construed broadly. *D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744 (Tex. 2009). The Texas Supreme Court has explained the rationale behind *Griffin*:

> In *Griffin*, the insurance policy covered bodily injury or property damage "for which any person becomes legally responsible because of an auto accident." *Griffin*, 955 S.W.2d at 82. Farmers sought a declaratory judgment that it had no duty to defend or indemnify its insured under the facts pled in a suit brought by the victim of a drive-by shooting. *Id.* at 81–82. This Court evaluated the duty to defend under the eight-corners rule and held that a drive-by shooting could not constitute an "accident" as contemplated by the language of the policy. *Id.* at 83. The Court then explained that the pleadings alleging that the plaintiff's injuries resulted from a drive-by shooting likewise negated "any possibility the insurer will ever have a duty to indemnify." *Id.* at 84. In other words, under the facts pled by the plaintiffs it would have been impossible for the insured defendant to show by extrinsic evidence that the loss fell under the terms of the policy.

*Burlington*, 334 S.W.3d at 220.

**B.    Application**

State Farm filed this declaratory judgment action before the Texas state court's determination of Watkins IV's liability. According to Mr. and Mrs. Watkins, the Underlying Suit is not even set

for trial yet.  Mot. Dismiss [#4] at 2.  Following the general rule in Texas, the instant case is therefore not ripe.  The Court could accept jurisdiction under the "limited circumstances" provided for in the *Griffin* exception, but the Court finds this case does not meet *Griffin*'s requirements.  While there has been no briefing or argument on whether State Farm has a duty to defend, there also appears to be no dispute State Farm has such a duty.  State Farm is already providing the defense in the Underlying Suit, it does not seek a declaration regarding its duty to defend, and it acknowledges the express language and scope of coverage of the Policy have been implicated by the Underlying Suit.  Because State Farm has a duty to defend, it cannot satisfy the first requirement of the *Griffin* exception, ie., that the insurer has no duty to defend.  *See Griffin*, 955 S.W.2d at 84.

Moreover, there is no indication "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify."  *Id.*  In *Griffin*, the allegation of a drive-by shooting negated the possibility the insurer would ever have a duty to indemnify.  *Id.* Here, Fisher's allegation is Watkins IV was driving, and his negligent driving caused Fisher's accident and injuries.  These allegations do not negate the possibility State Farm will ever have a duty to indemnify.  State Farm asks the Court to go ahead and decide the factual disputes based on the testimony already elicited in the Underlying Suit, which contradicts Fisher's allegations.  In other words, State Farm asks the Court to find that Watkins IV was not driving and that any negligent acts of the driver did not cause Fisher's accident.  But the rule in Texas is "an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all."  *Colony*, 647 F.3d at 253 (citing *Griffin*, 955 S.W.2d at 84).  The rule is not, as State Farm's argument implies, the duty to indemnify can be ascertained before the completion of the underlying

-7-

litigation if there is testimony—even undisputed testimony—negating liability. State Farm cites no authority for this contention, and the Court concludes it is inconsistent with clear Texas law.

Therefore, the facts must first be established in the state court by a fact finder before this Court can address State Farm's duty to indemnify. If Watkins IV prevails on the fact question of who was driving, then the indemnity question will be moot since he cannot be held liable if he was kidnapped. If the fact finder instead determines Watkins IV was driving, then the indemnification issue becomes ripe. Consideration of State Farm's duty to indemnify (and the various fact issues implicated) will then be appropriate by this Court. *See Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967) (describing an action as justiciable when "it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop").

Alternatively, even assuming the Court could decide the indemnity question at this juncture, it would not. The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). As already explained, some of the facts to be decided here could overlap with those facts to be determined in the state court proceeding. Further factual development is needed in the Underlying Suit to determine liability, and the Court exercises its discretion in declining jurisdiction.

### Conclusion

State Farm has failed to sue the proper party—Watkins IV. Even if State Farm had sued Watkins IV, however, the duty to indemnify question is not ripe because the resolution of the matter is dependent on factual findings and factual development in the Underlying Suit. The factual

-8-

questions of who was driving the car and whether the alleged negligent acts of the driver proximately caused Fisher's motorcycle wreck must be determined in the Underlying Suit first, not by this Court in a collateral insurance coverage case.

The Court acknowledges this case is a strange one, and it is difficult to imagine a scenario in which there will be coverage under the Policy. For instance, if the fact finder in the Underlying Suit concludes Watkins IV actually was not the victim of a kidnapping and was driving the car himself, he will be hard-pressed to escape his own sworn testimony that he was not driving in a subsequent declaratory judgment action by State Farm on the indemnification question. In addition, the Court can imagine potential problems for Watkins IV concerning whether he cooperated with the insurance company and whether any criminal acts exceptions might apply. Nevertheless, those musings are no more than hypotheticals at this time as Texas law makes plain State Farm's declaratory judgment is not yet justiciable.

The Court therefore GRANTS the motion to dismiss for failure to join the proper parties under Rule 12(b)(7) and for lack of subject matter jurisdiction under Rule 12(b)(1). Also, while Fisher was added as a defendant by State Farm upon the request of Mr. and Mrs. Watkins, he has yet to be served, and there is no reason to keep this case open on Fisher's account. As such, the Court closes the case.

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss [#4] and Supplemental Motion to Dismiss [#11] are GRANTED; and

IT IS FINALLY ORDERED that State Farm's complaint is DISMISSED WITHOUT

PREJUDICE.

SIGNED this the _14th_ day of May 2015.


_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE